Springer, J.,
dissenting:
The majority notes that “Jackson raised the issue of her capacity to enter into the settlement agreement.” It is clear from a reading of this record that when Jackson referred to her “capacity,” she was merely referring to her inability to understand the legal language in which the transaction was explained to her. The appeals officer understood this; and, as pointed out in the majority opinion, he stated that it was “this Appeals Officer’s opinion that Ms. Jackson at no time was made directly aware of the consequences of the agreement’s terms,” noting that the transaction had been explained to Ms. Jackson in “legal terms which Jackson did not understand.” This is clear. No one was ever even *1033 thinking about “legal capacity” in the sense of mental defectiveness, infancy or other “legal incapacity.”
I fail to understand how the majority got off on the “legal incapacity” tangent and why it would ever launch into a discussion of the term “mentally defective.” There is nothing in the record that even remotely suggests that Ms. Jackson was mentally defective — she just did not understand legalese.
I think that the majority will agree with me that if Ms. Jackson did not understand the language of the agreement, there was no agreement. The majority’s highly technical and largely irrelevant discourse on mental “incapacity” notwithstanding, the appeals officer was correct in setting aside the stipulated settlement; and this court is incorrect in reversing the appeals officer’s decision.